UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TRACEY FIELDS                                                CV-14-00659
              Plaintiff,                               **AMENDED COMPLAINT**

     -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, P.O. MARK D. GOMEZ shield no.
28073, P.O. CHRISTOPHER ESPESITO
Shield no. 14205, P.O. THOMAS KAMINSKI, P.O.
ANOWAR HOSSAIN, P.O. TIMOTHY SKRETCH
in their individual and official capacities as employees
of the City of New York Police Department
                                         Defendants.
------------------------------------------------------------X

        The Plaintiff, Tracey Fields, by his attorney, Amy Rameau Esq., of The Law Office of Amy Rameau, alleges the following, upon information and belief for this Complaint:

### NATURE OF THE ACTION / PRELIMINARY STATEMENT

        1.     This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, Article I, Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the City of New York, the New York City Police Department, and against Detective Edward Sinclair Shield No. 5116, Detective Warren Rohan Shield No. 2378 and undercover police officer No. C0238 and undercover police officer No. C0120, Police Officers John Doe No. 1 through No. 6, police officers of the City of New York, in their individual and official capacities. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

2. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 (3) and (4). Plaintiff also asserts jurisdiction over the City of New York under 28 U.S.C. §1331 and §1367. Plaintiff requests that this Court exercise pendent jurisdiction over those state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

3. Under 28 U.S.C. § 1391(a),(b),(c), venue is proper in the Eastern District of New York.

## PARTIES

4. Plaintiff at all times relevant hereto resided in the City and State of New York.

5. That at all times hereinafter mentioned, and upon information and belief, the defendant, THE CITY OF NEW YORK, was at all times relevant hereto, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York.

6. THE NEW YORK CITY POLICE DEPARTMENT was at all times relevant hereto, an agency of the defendant THE CITY OF NEW YORK.

7. That at all times hereinafter mentioned, and on information and belief, the defendant Detective Mark D. Gomez and all additional defendant Police Officers, were at all times relevant hereto, employees of the defendant CITY OF NEW YORK, as police officers employed by the defendant, THE NEW YORK CITY POLICE DEPARTMENT.

8. At all times mentioned herein, defendants were acting under color of state and local law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the City of New York and the State of New York.

9. That at all times hereinafter mentioned, and upon information and belief, the individual defendants are named herein both personally and in their official representative capacities as police officers employed by the defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT. And that each and all of the acts of the individual defendants alleged herein were done by the individual defendants and each of them under cover and pretense of the statutes and laws of the State of New York, and under and by virtue of their authority as police officers and employees of defendant, THE CITY OF NEW YORK.

10. That as a result of the foregoing, the defendant, THE CITY OF NEW YORK, is liable for the individual defendant's acts pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

11. Plaintiff is an African-American single male.

12. On September 26, 2012, agents and employees of the New York City Police Department approached claimant without justification or provocation, attacked claimant viciously, beat him with their batons, fists, and feet, slammed him onto the ground face first, stomped upon, kicked, beat him even more. The police officers arrested and dragged claimant to a waiting police car and transported him to the 75th Police Precinct, were he remained until late that evening when he was transported to central booking. Claimant had not engaged in any criminal activity and no reason existed for the conduct described herein. False charges of assault

upon a police officer were levied against claimant in a Criminal Court arraignment. He was subjected to additional violations of his rights and liberty.

13. Plaintiff posed no threat to any police officer.

14. Plaintiff posed no threat to any citizens.

15. All of the above was done in violation of state and federal law.

16. POLICE OFFICER MARK GOMEZ and CHRISTOPHER ESPESITO along with other POLICE OFFICERS mentioned herein employed unnecessary and unreasonable force against the plaintiff.

17. As a result of this assault, Plaintiff sustained several bruises and contusions.

18. The defendants acted maliciously and intentionally, and said acts are examples of gross police misconduct.

19. On September 27, 2012, Plaintiff was arraigned under Kings County Criminal Court Docket 2012KN080844. He was made to withstand the pain of his many injuries without any medical attention.

20. The case against Plaintiff was dismissed several months later.

21. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, Plaintiff suffered injuries including but not limited to emotional trauma, harm and distress, mental anguish, serious physical injuries and psychological injury and suffering.

22. Plaintiff is no longer able to engage in daily activities he once performed due to the injuries he sustained from the defendants' assault upon him.

23. The conduct of the defendant police officers in assaulting the plaintiff and denying him medical attention directly and proximately caused serious physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

24. The arrest of the plaintiff was accomplished with the intentional use of excessive force. The defendant police officers acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

25. As a direct result of the acts alleged herein, the plaintiff has suffered severe physical injury and pain, severe mental pain and anguish, and severe emotional distress. He has suffered head injuries, permanent disfigurement, a broken arm, permanent injury to his eye, among other injuries. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with him for the remainder of his life.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER EIGTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. § 1983

26. The plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 25 as if fully set forth herein.

27. The conduct and actions of defendant POLICE OFFICER MARK D. GOMEZ and all other defendant officers, acting under color of law and under his authority as a New York City Police Officer, in deliberately punching and kicking the plaintiff, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's

Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

28. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM

### RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK AND NEW YORK CITY POLICE DEPARTMENT FOR STATE LAW VIOLATIONS

29. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 28 as if fully set forth herein.

30. The conduct of defendant POLICE OFFICER MARK D. GOMEZ and all other defendant officers mentioned herein, occurred while they were on duty, and in and during the course and scope of their duties and functions as New York City police officers, and while they were acting as agents and employees and defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, and as a result the defendants CITY OF NEW YORK and NEW YORK CITY POLICE DPEARTMENT are liable to the plaintiff pursuant to the state common law doctrine of respondeat superior.

31. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM

### ASSAULT AND BATTERY

32. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 31 as if fully set forth herein.

33. By the actions described above, defendants POLICE OFFICER MARK D. GOMEZ and other officers mentioned herein, did inflict assault and battery upon the plaintiff. The acts and conduct of the defendants were the direct proximate cause of injury and damage to the plaintiff and violated the statutory and common law rights as guaranteed by his laws and Constitution of the State of New York.

34. As a result of the foregoing, the plaintiff sustained painful permanent injuries to his body and was made ill.

35. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

36. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 35 as if fully set forth herein.

37. By the actions described above, defendants POLICE OFFICER MARK D. GOMEZ and other officers mentioned herein, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally caused severe emotional distress to the plaintiff. The acts and conduct of the defendants were there direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights as guaranteed him by the laws and Constitution of the State of New York.

38. As a result of the foregoing, the plaintiff was made ill, was subjected to great humiliation, and was otherwise damaged and injured.

39. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM

### NEGLIGENCE

40. The plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 39 as if full set forth herein.

41. The defendants, jointly and severally, negligently caused severe physical injuries, denied medical treatment, and caused extreme emotional distress to the plaintiff. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiff and violated his statutory and common law rights guaranteed him by the laws and Constitution of the State of New York.

42. As a result of the foregoing, the plaintiff sustained permanent painful injuries, was made ill, was subjected to great humiliation and emotional distress, was deprived of liberty and detained, and was otherwise damage and injured.

43. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM

## EXCESSIVE USE OF FORCE

## 42 U.S.C. § 1983

44. The plaintiff incorporates by reference the allegations set forth in Paragraph 1 through 43 as if fully set forth herein.

45. The conduct and actions of defendant POLICE OFFICER MARK D. GOMEZ and all other defendant officers, acting under color of law and under his authority as a New York City Police Officer, in deliberately punching and kicking the plaintiff, was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of his acts, was done without lawful justification, and was designed to and did cause specific serious bodily harm, pain and suffering in violation of the plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983, and the Eighth and Fourteenth Amendments to the United States Constitution.

46. As a direct and proximate result of police misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## REQUEST FOR RELIEF

**WHEREFORE**, plaintiff demands judgment against the defendants, jointly and severally as follows:

A. In favor of the plaintiff in the amount of Five Million ($10,000,000.00) Dollars;

9

B. Awarding plaintiff punitive damages in the amount of Five Million ($5,000,000.00) Dollars on each of the plaintiff's Causes of Action;

C. Awarding plaintiff reasonable attorney's fees, costs and disbursements of this action pursuant to 42 U.S.C. 1988;

D. Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: 6/13/14
Brooklyn, New York

Amy Rameau, Esq.
Law Offices of Amy Rameau Esq.,
16 Court St, Suite 2504
Brooklyn, NY 11241

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
TRACEY FIELDS
                        Plaintiff,

            -against-

THE CITY OF NEW YORK, NEW YORK CITY
POLICE DEPARTMENT, DETECTIVE EDWARD
SINCLAIR SHIELD NUMBER 5116,
DETECTIVE WARREN ROHAN SHIELD NUMBER 2378,
POLICE OFFICERS JOHN DOE NUMBER 1 THROUGH 6
in their individual and official capacities as employees
of the City of New York Police Department
                                    Defendants.
-------------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

Amy Rameau, Esq.
Attorney for Plaintiff
16 Court Street, 2504
Brooklyn, NY
11241
Tel: 718.887.5536
Fax: 718.875.5440

12